# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:09CR15

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>VS. )<br>)<br>)<br>JOHN DOUGLAS BIRD, JR. )<br>) | **O R D E R** |

**THIS MATTER** came on for trial before the undersigned and a jury on June 8, 2009.

At a pretrial hearing, the Court granted Defendant's motion in limine to exclude any evidence that the Defendant had undergone a polygraph examination. However, during the Government's case in chief, a Government witness inadvertently made the remark that the Defendant had been given a polygraph examination.[1] Defendant moved for a mistrial. The Court concluded, in its discretion, that justice in the cause dictated the granting of the motion.

---

[1] This was the second such remark. An earlier witness had also made reference to the polygraph; however, the Court determined that remark was harmless and denied Defendant's first motion for a mistrial.

The Fourth Circuit has ruled that polygraph evidence is not admissible under this and similar rulings to prove that the Defendant was lying when he denied assaulting the victim in this case. ***United States v. A&S Council Oil Co.*, 947 F.2d 1128 (4th Cir. 1991).** Additionally, the Fourth Circuit's *per se* rule against polygraph evidence was not altered by the *Daubert*[2] decision. ***United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003).** The Fourth Circuit's disapproval of polygraph evidence generally has not changed. ***United States v. Nelson*, 207 F. App'x 291, 292-93 (4th Cir. 2006) ("It is well-established in this Circuit that polygraph examination results, or even the reference to the fact that a witness has taken a polygraph examination, are not admissible.") (citing *Prince-Oyibo*, 320 F.3d at 501)).** Although the erroneous admission of evidence that defendant has taken a polygraph test is error, it may be considered harmless if evidence of guilt is strong and cautionary instructions have been given. ***United States v. Porter*, 821 F.2d 968, 974 (4th Cir. 1987).** Nevertheless, the Court, in its discretion and in the interest of justice, decided that the Defendant's motion for a mistrial should be allowed in this case.

---

[2] ***Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a mistrial is **ALLOWED**.

**IT IS FURTHER ORDERED** that the retrial case is hereby set for the next trial term in the Bryson City Division scheduled to begin August 3, 2009.

Signed: June 9, 2009

Lacy H. Thornburg
United States District Judge