# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr15

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **JOHN DOUGLAS BIRD,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| **EASTERN BAND OF CHEROKEE INDIANS,** ) | |
| ) | |
| Garnishee. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Objections to Garnishment and Request for Hearing [Doc. 67] and the Government's Response to Defendant's Objections to Garnishment and Request for Hearing [Doc. 68].

## PROCEDURAL HISTORY

On August 4, 2009, the Defendant was found guilty by jury verdict of

1

attempt to commit murder, assault with intent to commit murder, assault with a dangerous weapon with intent to do bodily harm, assault resulting in serious bodily injury, and using, carrying and possessing a firearm during a crime of violence, in violation of 18 U.S.C. §§1153, 1113, 113(a)(1), 113(a)(3), 113(a)(6) & 924(c)(1)(A)(iii). [Doc. 43]. On August 27, 2009, the Defendant was sentenced to 210 months of imprisonment for the attempted murder and assault with intent to murder counts, 120 concurrent months of imprisonment for the two assault charges and 120 consecutive months of imprisonment for the use of a firearm during a crime of violence count. [Doc. 52]. The Defendant thus received a total sentence of 330 months imprisonment. The Judgment of Conviction in a Criminal Case requires that he support his dependants during his incarceration and pay restitution in the amount of $56,198.06 for medical services rendered to his victim. [Id.]. The Defendant filed a notice of appeal from his convictions and sentence on August 28, 2009. [Doc. 54]. His appeal is pending.

On October 14, 2009, the Government moved for a writ of continuing garnishment as to tribal gaming proceeds due to the Defendant, who is an enrolled member of the Eastern Band of Cherokee Indians (Band). [Doc. 59]. The writ issued to the Band on that same date advising that an answer must

be made within ten days after service of the writ. [Doc. 61]. Service of the writ on the Band as Garnishee and service of the notice of post-judgment garnishment on the Defendant were accomplished on October 20, 2009. [Doc. 64]. The Band/Garnishee has not filed an answer; however, the Defendant has filed objections to the garnishment and seeks a hearing. [Doc. 68]. The Clerk of Court notified the Defendant that a request for a hearing must be made by written motion. No such motion has been filed.

**STANDARD OF REVIEW**

As noted, the Judgment of Criminal Conviction contains an order for restitution in the amount of $56,198.06. Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. §3664(m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §3613(a). The Federal Debt Collection Procedures Act (FDCPA) allows the United States to garnish property of a debtor. 28 U.S.C. §3205(a) ("A court may issue a writ of garnishment against property ... in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a

person other than the debtor, in order to satisfy the judgment against the debtor."). The statute sets forth the procedures to be followed in obtaining a writ of continuing garnishment and there is no dispute that the Government has complied with those procedures. See, 28 U.S.C. §3205.[1] The Defendant has admitted that, as an enrolled member of the Band, he receives tribal gaming proceeds on a bi-annual basis. [Doc. 67]. The Defendant has not objected to the Government's statement that the amount of gaming proceeds currently due to the Defendant exceeds $50,000 due to the accumulation of *per capita* distributions during the Defendant's minority.

**DISCUSSION**

The Defendant's first objection is to the enforcement of garnishment while his criminal conviction is on appeal. Although the Defendant did not move for a stay, "[i]f the defendant appeals, the district court ... *may* stay–on any terms considered appropriate–any sentence providing for restitution[.]" Fed.R.Crim.P. 38(e)(1) (emphasis provided). The use of the word "may" as

---

[1]The statute provides that a defendant may file objections to the garnishee's answer within twenty days after receipt thereof and may request a hearing. 28 U.S.C. §3205(c)(5). As noted, the Band has not filed an answer. The statute also provides that any hearing shall be held within ten days "or as soon thereafter as is practicable[.]" Id. As noted *infra*, no hearing is required concerning this matter.

well as the phrase "on any terms considered appropriate" shows that the decision to issue a stay is committed to the discretion of the sentencing court. United States v. Parikh, 858 F.2d 688 (11th Cir. 1988) (noting without comment the court's requirement that the full amount of restitution be paid into the court's registry).

Such discretion is further noted in the second portion of the Rule: "[t]he court may issue any order reasonably necessary to ensure compliance with a restitution order ... including ... an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry[.]" Fed.R.Crim.P. 38(e)(2)(C); Parikh, 858 F.2d 688; United States v. Ginglen, 2007 WL 2909359 (C.D.Ill. 2007) (noting that although defense attorney did not move for stay, any stay would have required payment into the court registry).

Here, the Defendant has not offered any reason why a stay of the garnishment during the appeal is warranted. Beardslee v. United States, 2008 WL 4334711 (N.D.Cal. 2008). The "fact that the monetary penalties could be reversed on appeal is unpersuasive; if the judgment is reversed, [the Defendant] can move that the government return [his] money.[2]" Id. This

---

[2] As noted, the Defendant did not make this argument.

reasoning also supports an order requiring that the garnished amounts be paid into the registry of the court. The Government agrees that the garnished sums should be paid into court. [Doc. 68, at 3 ("[A]ll funds garnished by the government will be held by the Clerk of Court ... during the pendency of Defendant's appeal[.]")]. Thus, the Court will not technically stay the garnishment but will require that the garnished amounts be paid into the registry of the Clerk of Court for the United States District Court for the Western District of North Carolina.

The Defendant's second objection is that amounts which he owes for child support may not be garnished. The Government does not disagree but notes that there is no child support order. Indeed, the statute itself provides that "[j]udicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section." 28 U.S.C. §3205(c)(8). The Court finds the writ of garnishment is intact and will not speculate as to whether there is an order for child support. The parties are clearly competent to address that issue if and when such an order arises. Indeed, the Government has agreed that "[i]n the event a valid order for child support is entered and supplied to the United States, the government will submit an amended garnishment order to account for the priority of the child

6

support order[.]" [Doc. 68, at 7].

In the Defendant's last objection, he argues that his *per capita* distribution of gaming proceeds is exempt from garnishment. Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. C & L Enterprises v. Citizens Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001). When Congress enacted the FDCPA, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§3002(7) & (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Community, 991 F.2d 458, 462 (8th Cir. 1993). The FDCPA uses unequivocal language to waive this immunity. C & L Enterprises, 532 U.S. 411.

As a result, the Band as the garnishee must pay over to the federal government any property in which the Defendant has a nonexempt interest. United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *affirmed* 187 F.3d 634 (8th Cir. 1999), *certiorari denied sub nom* Yankton Sioux Tribe

7

v. United States, 528 U.S. 928, 120 S.Ct. 322, 145 L.Ed.2d 251 (1999). That property includes a *per capita* distribution to tribal members of gaming revenues. *Id*.; *accord*, In re Kedrowski, 284 B.R. 439 (Br.W.D.Wis. 2002).

The final issue is the Defendant's request for a hearing. The statute provides that the judgment debtor may file objections to the answer and request a hearing. 28 U.S.C. §3205(c)(5). As previously noted, the Garnishee did not file an answer. Once the writ of continuing garnishment has been issued, the debtor may claim exemptions but there is no specific statutory method for objecting to the writ itself. 28 U.S.C. §3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. §3205(c)(3)(B) ("The United States shall serve the ... judgment debtor with a copy of the writ of garnishment[.] The writ shall be accompanied by [] instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").

> Under [the Fair Debt Collections Procedure Act], a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. [However] the issues ... are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements.

United States v. Pugh, 75 Fed. Appx. 546 **1 (8th Cir. 2003); *accord*, 28

U.S.C. §3202(d) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default).

The order of restitution in the case was not the result of default. The Defendant has not claimed any exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. The Defendant is therefore not entitled to a hearing.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to Garnishment and Request for Hearing [Doc. 67] are hereby **DENIED**.

**IT IS FURTHER ORDERED** that during the pendency of the appeal, the Eastern Band of Cherokee Indians shall pay the garnished amounts into the registry of the Clerk of Court for the United States District Court for the Western District of North Carolina.

Signed: December 7, 2009

Martin Reidinger
United States District Judge