# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr15

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff,                              )<br>                                            )<br>            v.                            )<br>                                            )<br> JOHN DOUGLAS BIRD, JR.      )<br>    Defendant,                          )<br>                                            )<br> and                                     )<br>                                            )<br> EASTERN BAND OF CHEROKEE )<br> INDIANS,                              )<br>    Garnishee.                          )<br> _____) | ORDER |

**THIS MATTER** is before the Court on the Answer of the Garnishee [Doc. 77].

On October 14, 2009, the Government moved for a continuing writ of garnishment of the *per capita* distribution of gaming proceeds owed to the Defendant by the Eastern Band of Cherokee Indians (Garnishee). [Doc. 59]. On October 20, 2009, the Government filed a certificate service showing that the Garnishee had been served by certified mail with the application, the writ, and instructions. [Doc. 64]. The Garnishee admitted that it was served on

1

November 11, 2009. [Doc. 74, at 1].

By Order filed December 8, 2009, the Court denied the Defendant's request that any garnishment be stayed pending his appeal, denied his objection to the garnishment of tribal gaming proceeds and found he was not entitled to a hearing. [Doc. 72].

On January 20, 2010, the Garnishee filed an untimely Answer which contained a motion to quash the application for a writ. [Doc. 74]; see, 28 U.S.C. §3205(c)(2)(E). In the Answer, the Garnishee argued that the Defendant's *per capita* distributions of gaming revenues are immune from garnishment due to sovereign immunity. The Garnishee did not claim that there is any existing order of child support which must be paid from the *per capita* distribution.

On May 7, 2010, a final order of continuing garnishment was issued in which the Court rejected the Garnishee's argument of sovereign immunity and noted that should an order for child support be entered, it would have priority over a writ of garnishment. [Doc. 76, at 3-4]. The Court also denied any motion to quash the writ contained within the answer. [Id., at 4].

On June 28, 2010, the Garnishee served a second untimely answer which is identical to the first one, filed January 20, 2010, except that in this answer, the Garnishee claims it was served on January 12, 2010 instead of

2

on November 11, 2009. [Doc. 77, at ¶2]. Although not clear, the Court assumes that the Garnishee filed the second answer in an attempt to show that the first one was timely. As noted, the second answer also contains a motion to quash and a defense of sovereign immunity. The relief sought in this answer is moot, having been addressed and denied on substantive grounds in the Final Order of Continuing Garnishment entered on May 7, 2010.

**IT IS, THEREFORE, ORDERED** that the Answer of the Garnishee [Doc. 77] is hereby **DENIED** as moot.

Signed: June 30, 2010

Martin Reidinger
United States District Judge