UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00141
(CRIMINAL CASE NO. 2:09-cr-00015-MR-WCM-1)

| | |
|---|---|
| JOHN DOUGLAS BIRD, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I. BACKGROUND**

On December 25, 2008, Petitioner John Douglas Bird, Jr., ("Petitioner") shot Meroney George Shell on the right side of his face, left forehead, right forearm, and right upper arm with a .22 caliber rifle in a remote area within the Cherokee Indian Reservation. [CR Doc. 47 at ¶ 6: Presentence Investigation Report (PSR)]. Shell was found in critical condition and air lifted

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-cv-00141-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 2:09-cr-00015-MR-WCM-1.

to Mission Hospital in Asheville, North Carolina. [Id.].

On April 7, 2009, Petitioner was charged in a Bill of Indictment with one count of attempted murder in violation of 18 U.S.C. §§ 1113 and 1153 (Count One); one count of assault with intent to commit murder in violation of 18 U.S.C. §§ 113(a)(1) and 1153 (Count Two); one count of assault with a dangerous weapon, that is, a firearm, with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count Three); one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153 (Count Four); and one count of possessing a firearm in furtherance of a crime of violence, "that being attempted murder, assault with intent to commit murder, assault with a dangerous weapon with intent to do bodily harm and assault resulting in serious bodily injury," in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five). [CR Doc. 1: Bill of Indictment]. Petitioner proceeded to trial. On August 4, 2009, a jury found him guilty on all five counts. [CR Doc. 43: Jury Verdict].

On August 25, 2009, Petitioner was sentenced to a term of imprisonment of 210 months on Counts One and Two, a term of imprisonment of 120 months on Counts Three and Four to run concurrently to the term imposed on Counts One and Two, and a term of 120 months' imprisonment on Count Five to run consecutive to terms on Counts One

2

through Four, for a total term of imprisonment of 330 months. [CR Doc. 52 at 2: Judgment]. Judgment on Petitioner's conviction was entered on August 27, 2009.[2] [Id.]. Petitioner appealed and the Fourth Circuit affirmed. United States v. Bird, 409 Fed. App'x 681 (4th Cir. 2011).

On May 29, 2012, Petitioner moved for a new trial based on newly discovered evidence. [CR Doc. 82]. After conducting an evidentiary hearing, the Court denied Petitioner's new trial motion. [Doc. 107; see 10/17/2012 Docket Entry]. Petitioner appealed and the Fourth Circuit affirmed. United States v. Bird, 638 Fed. App'x 207 (4th Cir. 2016). On February 15, 2018, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. [CR Doc. 119]. The Court denied and dismissed Petitioner's motion as untimely and concluded it would fail on the merits in any event. [CR Doc. 123]. Petitioner appealed, but later voluntarily dismissed his appeal. [CR Docs. 124, 126-1].

On May 19, 2023, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255. [CV Doc. 1]. Pointing to the "landscape" created by Johnson v. United States, 576 U.S. 591 (2015),[3] and United States v. Davis,

---

[2] On September 15, 2009, this case was reassigned to the undersigned on the retirement of United States District Judge Lacy Thornburg. [9/15/2009 Docket Entry].

[3] In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence thereunder violates due process. 135 S.Ct. at 2563.

139 S.Ct. 2319 (2019),[4] Petitioner argues that his § 924(c) conviction should be vacated because his predicate crime of violence – attempted murder – no longer qualifies as a crime of violence after United States v. Taylor, 142 S.Ct. 2015 (2022).[5] [Id. at 14-16]. The Fourth Circuit granted Petitioner's motion for authorization to file a successive § 2255 motion, concluding that Petitioner "made a prima facie showing that his motion relying on United States v. Davis, 139 S. Ct. 2319 (2019), contains 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." [CR Doc. 131 at 2 (citing 28 U.S.C. § 2255(h)(2)]. The Fourth Circuit, however, "express[ed] no opinion about the timeliness or merit of [Petitioner's] successive motion." [Id.]. Petitioner asserts that his motion is timely because "Taylor new constitutional."[6] [CV

---

[4] In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S.Ct. at 2336. As such, after Davis, predicate "crimes of violence" must so qualify under § 924(c)'s force clause.

[5] In Taylor, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. 142 S.Ct. at 2021, 2025.

[6] Petitioner also asserts that "§ 2244 has already been granted by the [F]ourth Circuit Court of Appeals." [CV Doc. 1 at 12]. Circuit authorization to file a successive motion to vacate under § 2255 does not render timely an otherwise untimely § 2255 motion. It merely recognizes that a petitioner has made a prima facie showing that his successive motion relies on precedent containing a "previously unavailable … new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Moreover, the Fourth Circuit expressly noted that its authorization did not determine the timeliness of Petitioner's motion. [CR Doc. 131 at 2].

Doc. 1 at 12]. For relief, Petitioner wants his § 924(c) conviction vacated and to be resentenced. [See id. at 13].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Petitioner here claims his conviction under § 924(c) should be vacated because, under Taylor, attempted murder is no longer a crime of violence that can serve as a § 924(c) predicate. Petitioner's motion fails for several reasons.

First, it is untimely. Petitioner claims that his motion is timely because

Taylor is a new rule of constitutional law. A "case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301, 109 S.Ct. 1060 (1989) (plurality). While Davis is a new rule of constitutional law applied retroactively on collateral review, In re Thomas, 988 F.3d 783, 788-90 (4th Cir. 2021), as recognized in the Fourth Circuit's authorization for Petitioner to file a successive § 2255 motion, Taylor is not. Although the Fourth Circuit has not addressed this issue, other courts have uniformly so held. See e.g., In re Williams, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022) ("The Supreme Court in Taylor did not announce a new rule of constitutional law, but rather interpreted, as a matter of statutory analysis, the meaning of the term "crime of violence" in § 924(c)…."); Savoca v. United States, 2022 WL 17256392, at *2 (2d Cir. Nov. 29, 2022) (noting that a petitioner who sought to satisfy the gatekeeping requirements for successive habeas motions under the AEDPA "admits that the first part of his argument, which relies on Taylor, is statutory"); Wilson v. Warden, FCI-Herlong, 2023 WL 2746101, at *3 (E.D. Cal. Mar. 31, 2023) (Taylor "did not create a new rule of constitutional law to be applied retroactively."); Whitaker v. Hudson, 2022 WL 17822515, at *1 (D. Kan. Dec. 6, 2022) ("[T]he Supreme Court's decision in Taylor involving the interpretation of a federal statute does not provide a

6

Case 2:09-cr-00015-MR-WCM   Document 132   Filed 06/12/23   Page 6 of 10

basis for filing a successive Section 2255 petition.") (citing 28 U.S.C. § 2255(h)).  To be timely, Petitioner's motion had to be filed within one year of Davis. It was not.

Second, Petitioner argues that, after Taylor, "crimes of an attempt nature cannot qualify as a predicate § 924(c) offense."  [CV Doc. 1 at 14]. Taylor cannot be read so broadly.  Taylor held only that *attempted Hobbs Act robbery* does not qualify as a "crime of violence" under § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force.  142 S.Ct. at 2021, 2025. "Because Section 1113 does not specify the elements of 'attempt to kill,' 'they are those required for an "attempt" at common law,' including a specific intent to kill." United States v. Checora, 155 F.Supp.3d 1192, 1195 (D. Utah Dec. 21, 2015) (citing Braxton v. United States, 500 U.S. 344, 350 n. 5, 111 S.Ct. 1854 (1991)).  Attempted murder under § 1113, therefore, requires the government to prove that a defendant took a substantial step toward killing another person and had a specific intent to kill.  Id. at 1194-95 (citations omitted) (holding that attempted murder under § 1113 "can be a predicate crime of violence for purposes of [petitioner's] § 924(c) charge").

Furthermore, the Fourth Circuit has held that crimes having as an element the specific intent to kill necessarily involve the attempted use of

7

force against another. United States v. Shepard, 741 Fed. App'x 970 (Mem) (4th Cir. 2018) (holding that South Carolina attempted murder, which requires "acting 'with the intent to kill,'" is a crime of violence under U.S.S.G. § 4B1.2(a)(1)) (quoting S.C. Code Ann. § 16-3-29)); see United States v. Castleman, 572 U.S. 157, 171, 134 S.Ct. 1405 (2014) ("[T]he knowing or intentional application of force is a 'use' of force."). As such, attempted murder under § 1113 remains a crime of violence for purposes of § 924(c) after Taylor.

Third, Petitioner's § 924(c) conviction remains supported by other valid and unchallenged crimes of violence, including assault with the intent to commit murder in violation of 18 U.S.C. § 113(a)(1), which also requires a specific intent to kill, see Bird, 409 Fed. App'x at 687, and assault with a dangerous weapon with intent to do bodily harm under § 113(a)(3). United States v. Muskett, 970 F.3d 1233, 1241-42 (10th Cir. 2020) (holding assault with a dangerous weapon under § 113(a)(3) is categorically a crime of violence under § 924(c)'s elements clause because it "cannot be committed without the use, attempted use, or threatened use of physical force capable of causing, directly or indirectly, physical pain or injury"). See United States v. Bryant, 949 F.3d 168, 180 (4th Cir. 2020) (holding "the additional life-in-jeopardy-with-a-dangerous-weapon element" of 18 U.S.C. § 2114(a)

8

transforms assault thereunder into a crime of violence under § 924(c)'s force clause).

For these reasons, Petitioner's § 924(c) conviction remains valid, and he is not entitled to relief under § 2255. The Court will, therefore, deny and dismiss Petitioner's motion to vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 12, 2023

Martin Reidinger
Chief United States District Judge